A CERTIFIED TRUE COPY
ATTEST

BY AUGUST MARZILIANO ON
2/25/2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: GLACEAU VITAMINWATER MARKETING
AND SALES PRACTICES LITIGATION (NO. II)

MDL No. 2215

## TRANSFER ORDER

**Before the Panel:**[*] Common defendants The Coca-Cola Company and Energy Brands Inc. have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Eastern District of New York. The Eastern District of New York plaintiffs support the motion. Plaintiffs in the Southern District of Florida action and the Southern District of Ohio potential tag-along oppose centralization. Plaintiffs in the District of the Virgin Islands oppose centralization or, alternatively, suggest centralization in the District of the Virgin Islands.

This litigation currently consists of three actions listed on Schedule A and pending in three districts, one action each in the Southern District of Florida, the Eastern District of New York, and the District of the Virgin Islands.[1]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that defendants misrepresented their VitaminWater product as a healthy alternative to soft drinks though it contains almost as much sugar. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

We previously denied centralization of the Eastern District of New York action (*Ackerman*) with an action pending in the District of New Jersey on grounds that the plaintiffs were attempting to voluntarily consolidate the actions and centralization was, therefore, unnecessary. *See In re Glaceau VitaminWater Mktg. and Sales Practices Litig.*, 641 F. Supp. 2d 1381 (J.P.M.L. 2009). They were successful in their efforts, and it has been over a year since the *Ackerman* plaintiffs

---

[*] Judges John G. Heyburn II and Kathryn H. Vratil took no part in the decision of this matter.

[1] Moving defendants have notified the Panel that two additional related actions are pending in the Northern District of Illinois and the Southern District of Ohio, respectively. These actions are potential tag-along actions. *See* Rule 7.1, R.P.J.P.M.L.

consolidated all of their actions and filed an amended complaint. At least two recently-filed additional related actions are pending, and plaintiffs to those actions have not indicated that they intend to further consolidate their claims with the *Ackerman* action. Therefore, Section 1407 centralization is now appropriate.

The parties opposing centralization variously argue, *inter alia*, that (1) the District of the Virgin Islands action names local retailers as defendants, and the claims against them present unique issues of fact; (2) questions of law are unique to the various jurisdictions in which actions have been filed; (3) only three actions are pending, alleging discrete multi-state or statewide classes of consumers; and (4) the federal courts lack jurisdiction over the District of the Virgin Islands action, and the pending motion to remand to the Superior Court of the Virgin Islands should be decided by a judge familiar with the law of the Virgin Islands.

These arguments have some merit, but on balance, are outweighed by the benefits of centralization. Though only three actions are before the Panel, and they do not allege overlapping putative classes, we are persuaded that centralization is appropriate. The Eastern District of New York action consists of five prior actions that were voluntarily consolidated, and it involves proposed classes of consumers from three states. Two additional related actions are pending, and it seems likely that additional related actions could be filed.

Furthermore, Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer. *See, e.g., In re Gadolinium Contrast Dyes Prods. Liab. Litig.*, 536 F. Supp. 2d 1380, 1382 (J.P.M.L. 2008). Nor does it require an identity of common parties. The District of the Virgin Islands plaintiffs' assertion of claims against local retailers does not negate the existence of numerous common factual issues among these actions relating to plaintiffs' allegations that defendants misrepresented VitaminWater as a healthful beverage. It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rules 10.1-10.3, R.P.J.P.M.L.

Finally, the District of the Virgin Islands plaintiffs can present their motion for remand to the Superior Court of the Virgin Islands to the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Transferee judges routinely apply the laws of one or more jurisdictions. *See In re National Arbitration Forum Antitrust Litig.*, 682 F. Supp. 2d 1343, 1345 (J.P.M.L. 2010).

The Eastern District of New York is the most appropriate transferee district. The action in that district has been pending for two years, and is far more advanced than any other action in this litigation. The court has ruled on a motion to dismiss, and discovery is underway. Both some plaintiffs and some defendants support centralization in this district.

-3-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of New York are transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Dora L. Irizarry for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
David R. Hansen
Acting Chairman

W. Royal Furgeson, Jr.  Frank C. Damrell, Jr.
Barbara S. Jones        Paul J. Barbadoro

IN RE: GLACEAU VITAMINWATER MARKETING
AND SALES PRACTICES LITIGATION (NO. II)         MDL No. 2215

## SCHEDULE A

<u>Southern District of Florida</u>

Scott Cook, et al. v. The Coca-Cola Company, et al., C.A. No. 0:10-61621

<u>Eastern District of New York</u>

Batsheva Ackerman, et al. v. Coca-Cola Company, et al., C.A. No. 1:09-00395

<u>District of Virgin Islands</u>

Vivian E. St. Juste, et al. v. The Coca-Cola Company, et al., C.A. No. 3:10-00118