**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re: Glaceau Vitaminwater Marketing And Sales Practice Litigation* (No.II)<br>Case No. 1:11-md-02215-DLI-RML | Case No. 1:11-cv-00926-DLI-RML |

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS & ST. JOHN**

| | |
|---|---|
| Juan Squiabro, *individually, and on behalf of those similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>The Coca-Cola Company,<br>Energy Brands, Inc., (d/b/a Glaceau),<br>Coca-Cola Bottling Co. of Virgin Islands,<br><br>Defendants. | USVI Civil No. 3:10-cv-118<br><br>**ACTION FOR DAMAGES and EQUITABLE RELIEF**<br><br>COMPLAINT FOR:<br>UNFAIR AND DECEPTIVE TRADE PRACTICES, UNJUST ENRICHMENT, BREACH OF EXPRESS WARRANTY, AND PUNITIVE DAMAGES.<br><br>**JURY TRIAL DEMANDED** |

**BRIEF FOR LOCAL CLASS CERTIFICATION OF THE U.S. VIRGIN ISLANDS**

COME NOW the Plaintiff, Juan Squiabro via his undersigned counsel, J. Russell B. Pate, Esquire, of The Pate Law Firm, and hereby files this local brief regarding class certification under local U.S. Virgin Islands law.

**BACKGROUND**

Vitamin Water is a drink sold in the Virgin Islands since 2003. It has had phenomenal growth in the beverage market due to its product advertising as "healthy". However, Vitamin Water actually contains as much sugar as many soft drinks (32.5 grams of sugar or about 8 teaspoons per beverage). This would not be such a problem if consumers actually knew

they were drinking a very sugary and unhealthy beverage, but Coca-Cola's advertising works to indoctrinate the consumer that the beverage is 'good for you' with such slogans as:

> "Boy times have changed. Vitamins used to come in the chalky pill form […] now your download of key vitamins and antioxidants comes in a bottle (hint: it's in your hand) […] So twist the cap and download key vitamins and antioxidants."

This advertisement is deceptive because Vitamin Water is not as healthy as simply drinking water and taking a daily vitamin – because no reasonable person (or reasonable defendant) can say that drinking water, taking a daily vitamin, and then eating eight (8) teaspoons of sugar is healthy! These deceptive marketing practices are not innocuous. The Virgin Islands has one of the highest diabetes rates in the United States, part and parcel to the fact that the islands' population is a majority of persons of African descent. It is a known medical fact that persons of African descent are three (3) times as likely as Caucasians to develop diabetes. (See, paragraphs 37 – 44 of Plaintiffs' Amended Complaint).

Plaintiffs' Complaint lays out the deception wrought upon Virgin Islands consumers, in that adults – and especially children – repeat the carefully crafted corporate marketing that Vitamin Water is a "healthy" beverage. This is a fallacy, much like advertising that a Jellybean is healthy. See, *Ackerman v. Coca-Cola Co.*, 2010 U.S. Dist. LEXIS 73156 (EDNY 2010)("[T]he jelly bean rule' was developed in order to prevent food producers from encouraging the consumption of 'junk foods' by fortifying them with nutrients.") Vitamin Water is no different. It is a sugary beverage advertised with purported health benefits which are clearly outweighed by its sugar content. Thus, the named Plaintiff has moved to

*Squiabro, et. al. v. Coca-Cola Co, et. al.*
BRIEF FOR LOCAL CLASS CERTIFICATION OF THE U.S. VIRGIN ISLANDS
Page 3 of 7

protect his fellow brothers and sisters, the consumers of the Virgin Islands, under Virgin Islands' consumer protection theories and deceptive and unfair trade practices statutes.

## CLASS CERTIFICATION IN THE U.S. VIRGIN ISLANDS

Unlike many of the larger populated States, the U.S. Virgin Islands does not have a large body of developed law and case law precedent. This case is the first of its kind in the Virgin Islands utilizing the liberal consumer protection statutes of the Virgin Islands.

The Supreme Court of the Virgin Islands first started issuing opinions in 2007. To date, there has not been an opinion on class action certification. Thus, there is no current binding president. In the absence of Virgin Islands law the courts are to apply the common law and the Restatements.

> The rules of the common law, as expressed in the restatement of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary.
>
> 1 V.I.C. § 4, But see also *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967, 974 (Despite the instruction to utilize the common law and the Restatements, the Supreme Court of the Virgin Islands has the inherent power to interpret local law and modify the common law).

The courts of the Virgin Islands have also adopted the Federal Rules of Civil Procedure. Superior Court Rule 7 states:

> The practice and procedure in the Superior Court shall be governed by the Rules of the Superior Court and, to the extent not inconsistent therewith, by the Rules of the District Court, the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure and the Federal Rule of Evidence.
>
> *Id.*

*Squiabro, et. al. v. Coca-Cola Co, et. al.*
BRIEF FOR LOCAL CLASS CERTIFICATION OF THE U.S. VIRGIN ISLANDS
Page 4 of 7

Accordingly, the courts of the Virgin Islands would apply Rule 23 of the Federal Rules of Civil Procedure in determining whether class action status is appropriate. The most recent class certification in the U.S. Virgin Islands occurred in 2010 in *Frank v. Gov't of the V.I.*, 2010 U.S. Dist. LEXIS 32343, Civil No. 2009-66. (See opinion attached as **Exhibit A**). Here the District Court applied the traditional requirements of Rule 23 which include numerosity, commonality, typicality, and adequacy of representation. The Court was guided by Third Circuit decisions, *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994)(setting for Rule 23 standards); *Davis v. Thornburgh*, 903 F.2d 212, 233 n.19 (3d Cir. 1990) (showing numerosity standard is more than 40 claimants); *Weiss v. York Hosp.*, 745 F.2d 786, 808-9 (3d Cir. 1984)(Finding "the threshold of commonality is not high."); *Stewart v. Abraham*, 275 F.3d 220, 227 (3d Cir. 2001)(Finding commonality despite some "varying fact patterns underlying the individual claims."); *In re Warfarin Sodium Antitrust Lit.*, 391 F.3d 516 (3d Cir. 2004)(Finding class action certification is necessary when "each consumer has a very small claim in relation to the cost of prosecuting a lawsuit").

The District Court concluded that the four prong test was satisfied and granted class certification. The Court noted, "Rule 23(b)(3) is particularly well-suited for cases where the potential recovery for an individual claim is small relative to costs and effort of bringing suit." *Id* at *20.

The Plaintiff's Complaint lays out the numerosity, commonality, typicality, and adequacy of representation to meet the relatively low threshold of Rule 23. This case is a class action which only encompasses residents of the Virgin Islands. The Second Amended Class Action Complaint sets out the Rule 23 facts in paragraphs 52 through 59. Numerosity is met because the class is over forty (40) persons, with an estimated class of

5,750 to 11,500 persons. Commonality is met because the deceptive marketing by the Defendant was uniform and the standard for deceptive practices is an objective standard under the Virgin Islands consumer protection statute. Further, the plaintiff, Juan Squiabro, is an utterly typical Virgin Islander. Lastly, undersigned counsel is able to provide adequate representation through the association with Reese Richman and Scott & Scott. If the Court determines that representation by undersigned counsel is not appropriate then the plaintiff requests that this Court coordinate with the Supreme Court of the Virgin Islands to appoint a member in good standing with the Virgin Islands Bar Association as counsel in this case.

Thus this Honorable Court should grant class action status so that Virgin Islanders in the aggregate may have some remedy against the deceptive marketing practices of the Defendants.

## SPECIFIC INTERPRETATION OF THE ACTUAL CLAIMS NECESSITATES CERTIFICATION TO THE V.I. SUPREME COURT

Count Three and Count Four of the Complaint are Restatement and common law claims permissible under Virgin Islands law. See, 1 V.I.C. § 4. Count One and Count Two in this case arise under the Consumer Protection laws and Deceptive Business Practices statutes found in the Virgin Islands Code. This is local law, created and crafted by elected Senators of the U.S. Virgin Islands. The consumer protection laws were specifically drafted to protect the people of the Virgin Islands:

> "The provisions of this chapter [The Consumer Fraud and Deceptive Business Practices Act] shall be liberally construed to protect the consuming public from deceptive and unfair acts or practices in the conduct of any trade or commerce."
>
> 12A V.I.C. § 302.

*Squiabro, et. al. v. Coca-Cola Co, et. al.*
BRIEF FOR LOCAL CLASS CERTIFICATION OF THE U.S. VIRGIN ISLANDS
Page 6 of 7

To date, there exists no case law on any application of the Virgin Islands Consumer Code, specifically Chapter 1, Consumer Protection Law, subchapter I, Unfair Trade Practices and Chapter 6, Consumer Fraud and Deceptive Business Practices. The clear federal rule is to defer to state courts on issue of first impression regarding local law. See, *Peterson v. Chesapeake & O. R. Co.*, 1988 U.S. Dist. LEXIS 18137, HN4 (WD Mich 1988)("[F]ederal courts properly defer to the [state] Court in matters of first impression concerning state law in order that the federal court will not be placed in the position of construing the state constitution or a state statute or declaring state common law when the Court has not spoken on the subject."

With all due respect to the articulate jurisprudence of this Court, issues of first impression of consumer protection law in the Virgin Islands would be best served if they are remanded to the local courts of the Territory, so that the Supreme Court of the Virgin Islands may have the opportunity to address the uniquely local consumer protection laws. The Supreme Court of the Virgin Islands has rules that allow for certified questions of law:

> The Supreme Court of the Virgin Islands may answer questions of law certified to it by a court of the United States if there is involved in any proceeding before the certifying court a question of law which may be determinative of the cause then pending in the certifying court and concerning which it appears there is no controlling precedent in the decisions of the Supreme Court. While answering a certified question is not an adjudicative function, this Court possesses the inherent power to answer certified questions as the highest local court in this jurisdiction.
>
> *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967, 972 citing its own rules at V.I.S.Ct.R. 38(a).

Most significant is that the Supreme Court of the Virgin Islands is the highest court of the U.S. Virgin Islands and the only Court in the position to interpret unique issues of local law. "This Court is bound only by those decisions of the Third Circuit Court of Appeals in

which certiorari has been granted and this Court's interpretation of local law has been reversed [and] this Court may determine the common law without automatically and mechanistically following the Restatements." *Defoe v. Phillip*, S. Ct. Civ. No. 2009-7, 2012 V.I. Supreme LEXIS 4, FN 12 citing *Banks* (internal citations omitted).[3]

In summary the Court should be guided by Federal Rules of Civil Procedure, Rule 23, on the issue of class action certification for the U.S. Virgin Islands. However, any specific analysis of the actual claims under the consumer protection status of the U.S. Virgin Islands should be certified as a question to the Supreme Court of the Virgin Islands.

Respectfully submitted,

DATED: July 20, 2012        /s/ *J. Russell Pate*, _____
J. RUSSELL PATE, ESQUIRE
THE PATE LAW FIRM
Royal Dane Mall, 2nd Floor - P.O. Box 890
St. Thomas, Virgin Islands 00804
Telephone: (340) 777 - 5270
JRPate@yahoo.com
V. I. Bar No: 1124

*Attorney for Juan Squiabro*

### CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on the 20th day of July 2012, I electronically filed the foregoing *BRIEF FOR LOCAL CLASS CERTIFICATION OF THE U.S. VIRGIN ISLANDS* with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (ECF) to all relevant parties using the ECF system.

/s/ *J. Russell Pate, Esq*

---

[3] The Court may find the *Defoe* opinion at the Supreme Court of the Virgin Islands' website at: http://www.visupremecourt.org/Opinions/Published_Opinions/2012_Published_Opinions/