UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: GLACEAU VITAMINWATER MARKETING AND SALES PRACTICE LITIGATION (NO. II) | Case No. 1:11-md-02215-DLI-RML |

**PLAINTIFFS' NOTICE OF RECENT AUTHORITY
IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Plaintiffs Batsheva Ackerman, Ruslan Antonov, Juliana Ford, and James Koh, ("Plaintiffs"), by their counsel, respectfully provide the Court, in further support of their Motion for Class Certification (Dkt. No. 71), a copy of the following recently issued decisions:

1) An order by the Honorable Dean D. Pregerson for the U.S. District Court for the Central District of California granting the plaintiffs' motion for class certification in *In re: POM Wonderful LLC Marketing and Sales Practices Litigation*, No. ML 10-02199 DDP (RZx), MDL No. 2199, 2012 WL 4490860 (C.D. Cal. Sept. 28, 2012). A copy of the order is attached hereto as Exhibit A; and

2) An order by the Honorable Marilyn L. Huff for the U.S. District Court for the Southern District of California granting in part the plaintiffs' motion for class certification in *Beck-Ellman v. Kaz, USA, Inc.*, Case No. 3:10-CV-02134-H (DHB) (S.D. Cal. Oct. 5, 2012). A copy of the order is attached hereto as Exhibit B.

## *IN RE: POM WONDERFUL LLC MARKETING AND SALES PRACTICES LITIG.*

Like the instant case, the *POM Wonderful* case involves an MDL action where plaintiffs allegedly paid for a beverage (bottles of pomegranate juice) for a relatively small purchase price (a few dollars a bottle) without knowing that the defendant misrepresented certain qualities of the product. 2012 WL 4490860, at *1. The plaintiffs alleged violations of California's FAL, UCL, and CLRA. *Id.* In opposition to the plaintiffs' motion for class certification, the defendant ("POM") argued that common questions of fact did not predominate over individual ones because "(1) POM disseminated several different advertisements, 2) class members may or may not have relied on the various advertisements, 3) class members bought POM products for different reasons, and 4) class members' claims require individualized damages inquiries." *Id.* at *4. The court disagreed, noting that "'the class action mechanism would be impotent if a

defendant could escape much of his potential liability for fraud by simply altering the wording or format of his misrepresentations across the class of victims.'" *Id.* (quoting *In re First Alliance Mortg. Co.*, 471 F.3d 977, 992 (9th Cir. 2006)).

Additionally, the defendant in *POM* argued, like Defendants here, that the CLRA's actual injury requirement necessitates a reliance inquiry for each class member, which would present predominantly individualized issues. *Id.* at *5. The court disagreed with the defendant on that point as well, noting that "an inference of reliance arises as to the entire class where, as here, material misrepresentations have been made to the entire class." *Id.* (citing *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1022 (9th Cir. 2011); *In re Tobacco II Cases*, 46 Cal. 4th 298, 328 (2009)).

Finally, in deciding to certify the class of beverage purchasers, the Court in *POM* relied upon *Guido v. L'Oreal*, 2012 WL 1616912, at *8–9 (C.D. Cal. May 7, 2012) which certified a class of purchasers of shampoo holding that: "[b]ecause [the product] was packaged and sold uniformly across the nation, resolution of these questions will resolve 'in one stroke' issues that are 'central to the validity' of each class member's claims.") quoting *Wal-mart*, 131 S.Ct. at 2551.

The reasoning articulated in *POM Wonderful* applies equally well here. Accordingly, Plaintiffs' motion for class certification should be granted for the same reasons the *POM Wonderful* court certified the proposed class in that case.

## BECK-ELLMAN V. KAZ

The case of *Beck-Ellman v. Kaz,* also involves a consumer product (heating pads) for which each individual class member's recovery would be relatively small. *See* Exhibit B, at 15. Therefore, as with the pomegranate beverage at issue in *POM Wonderful* and the vitaminwater

2

beverage at issue in the instant case, class members are not likely to have preserved receipts or packaging. Nevertheless, the court granted the plaintiffs' motion to certify a class of California residents. Exhibit B, at 3, 17. Also like the instant case (and like *POM Wonderful*), the defendants in *Kaz* argued that the plaintiffs California consumer protection claims were not suitable for class treatment because the issue of the individual reliance of each class member would predominate over common questions. The court disagreed, stating as follows:

> Defendants' argument fails under California law. California consumer protection laws take an objective approach to the reasonable consumer, not the particular consumer. *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008). The Ninth Circuit recently affirmed the general California rule "'that relief under the UCL is available without individualized proof of deception, reliance and injury.'" *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1020 (9th Cir. 2011) (quoting *In re Tobacco II*, 207 P.3d 20, 35 (Cal. 2009)); *accord Keegan* [*v. Am. Honda Motor Co.*, No. No. CV 10–09508 MMM (AJWx)], 2012 WL 2250040 [(C.D. Cal. June 12, 2012)], at *21. Similarly, "because Plaintiff's other claims under the FAL and CLRA rely on the same objective test, that is, whether 'members of the public are likely to be deceived,' these other claims also do not require individual analysis of class members' injury." *Bruno v. Quten Research Inst., LLC*, 280 F.R.D. 524, 532 (C.D. Cal. 2011), *reconsideration denied*, 280 F.R.D. 540 (C.D. Cal. 2012); *see also Stearns*, 655 [F.3d] at 1022 ("If the trial court finds that material misrepresentations have been made to the entire class, an inference of reliance [under the CLRA] arises as to the class."); *Johns* [*v. Bayer Corp.*], 280 F.R.D. [551] at 557-58 & n.4 [(S.D. Cal. 2012)]. [The plaintiffs] may therefore "prove with generalized evidence that Defendants' conduct was 'likely to deceive' purchasers," rather than proving the reliance of each class member individually. *Keilholtz* [*v. Lennox Hearth Prods. Inc.*], 268 F.R.D. [330] at 342-43 [(N.D. Cal. 2010)]. The issue of individualized reliance therefore is no impediment to finding predominance for the California claims.

Exhibit B, at 12.

In short, several of the arguments that Defendants here have made in opposition to Plaintiffs' motion for class certification have been considered and rejected by courts in very

3

similar cases, post-*Dukes*. In accordance with the reasoning of these opinions, Defendants' arguments in opposition should be rejected, and the Court should grant Plaintiffs' motion for class certification.

Dated:  October 9, 2012                                    Respectfully submitted,

**REESE RICHMAN LLP**
*/s/ Michael R. Reese*
Michael R. Reese
875 Avenue of the Americas, 18th Floor
New York New York 10001
Telephone: (212) 643-0500


**CENTER FOR SCIENCE IN
THE PUBLIC INTEREST**
Stephen Gardner
5646 Milton Street, Suite 211
Dallas, Texas 75206
Telephone: (214) 827-2774

**SCOTT + SCOTT  LLP**
Deborah Clark-Weintraub
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174-4099
Telephone: (212) 233-6444


*Attorneys for Plaintiffs and the proposed class*

**CERTIFICATE OF SERVICE**

      I, Michael R. Reese, hereby certify that I served the following document upon counsel for defense via ECF this 9th day of October, 2012.

      I declare under penalty of perjury that the above statement is true and correct.

Dated: October 9, 2012                                                */s/ Michael R. Reese*
                                                                                Michael R. Reese