**Shook,**
**Hardy &**
**Bacon** L.L.P. ®

www.shb.com

November 26, 2012

**VIA ECF**

**Tammy B. Webb**

Hon. Robert M. Levy
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

One Montgomery, Suite 2700
California 94104
415.544.1900
415.391.0281 Fax
tbwebb@shb.com

Re:     *In Re: Glaceau Vitaminwater Litig.,* Case No. 1:11-md-02215-DLI-RML

Dear Judge Levy:

Defendants respectfully submit, in further support of their Opposition to Class Certification, copies of two recent opinions, which are instructive on issues before the Court:

*In re Cheerios Mktg and Sales Practices Litig.*, No. 09-cv-2413, MDL No. 2094, 2012 WL 3952069 (D.N.J. Sept. 10, 2012). In a class action lawsuit challenging General Mills' statements concerning the health benefits of its Cheerios products, a District of New Jersey court, recognizing that consumers buy Cheerios for different reasons, dismissed all class action claims because the named plaintiffs' claims were not typical. *Id.* at *14.

*Castro Valley Union 76, Inc. v. Vapor Sys. Techs., Inc.*, No. C 11-0299 PJH, 2012 WL 5199458 (N.D. Cal. Oct. 22, 2012). In a lawsuit seeking monetary damages and injunctive relief based on sales of allegedly defective gas pump nozzles, a Northern District of California court refused to certify a class action under Rule 23(b)(3), because the underlying claims, which alleged violations of California's Unfair Competition Law, would require individualized proof and legal analyses. *Id.* at *7-14. The court also held that plaintiffs' monetary damages claims made certification under Rules 23(b)(1) and (b)(2) inappropriate. *Id.* at *5-6.

Additionally, plaintiffs in their recent response essentially contend that all labeling cases are identical and claim that "every single labeling case has resulted in the certification of a class." This is false. *See, e.g.*, *Weiner v. Snapple Beverage Corp.*, No. 07 Civ. 8742(DLC), 2010 WL 3119452 (S.D.N.Y. Aug. 5, 2010) (denying certification of class challenging labeling of Snapple products as "All Natural"); *Pfizer Inc. v. Superior Court*, 182 Cal. Rptr. 3d 795 (Cal. Ct. App. 2010) (denying certification of class challenging labeling of Listerine mouthwash). Plaintiffs later acknowledge, however, that this is not just a "labeling" case, admitting that what they seek is an all-encompassing "injunction prohibiting defendants from using misleading *advertising* of its Products . . . ." Pls.' Response at 7. Regardless of how plaintiffs characterize this case, courts have consistently refused to certify classes in cases alleging either deceptive advertising or labeling where, as here, individualized inquiries are necessary to analyze what potential class members saw and believed with regards to various marketing

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.



www.shb.com

November 26, 2012
Page 2

statements. *See, e.g., McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 222-234 (2d Cir. 2008) (individualized inquiries for determining injury and causation predominate); *Korsmo v. Am. Honda Motor Co.*, No. 11 C 1176, 2012 WL 1655969, at *5-7 (N.D. Ill. May 10, 2012) (individual inquiries necessary to determine each buyer's motivations); *In re Yasmin Mktng., Sales Practices & Prod. Liab. Litig.*, No. 3:09-cv-20001, 2012 WL 865041, at *18-26 (S.D. Ill. Mar. 13, 2012) (uniformity was lacking and materiality was not subject to common proof); *In re Prempro Prods. Liab. Litig.*, 230 F.R.D. 555, 566-67 (E.D. Ark. 2005) (whether plaintiffs saw, relied and were damaged by advertisements were necessarily individual questions of fact); *see also Cohen v. DirectTV, Inc.*, 101 Cal. Rptr. 3d 37 (Cal. Ct. App. 2009), *review denied* (Feb. 10, 2010); *Sevidal v. Target Corp.*, 117 Cal. Rptr. 3d 66 (Cal. Ct. App. 2010); *Akkerman v. Mecta Corp.*, 62 Cal. Rptr. 3d 39 (Cal. Ct. App. 2007); *Soloman v. Bell Atl. Corp.*, 777 N.Y.S.2d 50 (N.Y. App. Div. 2004).[1] Here, plaintiffs have failed to meet their heavy burden of demonstrating that the requirements of 23(b)(3) have been met; class certification should be denied.

In a last-ditch attempt, plaintiffs now argue that even if the Court refuses to certify a 23(b)(3) class, certification under 23(b)(2) is appropriate because plaintiffs now seek only "non-monetary, injunctive relief." Pls.' Response at 7. Plaintiffs' new position exemplifies the "perverse incentives" the Supreme Court identified in *Dukes* that class representatives have "to place at risk potentially valid claims for monetary relief" to gain (b)(2) certification. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2559 (2011) (rejecting as improper the named plaintiffs' attempt to forego compensatory damages claims so that their injunctive relief claims would "predominate," which could have violated absent class members' due process rights by precluding them from pursuing their monetary damages claims). Again, this is precisely why Justice Ginsburg emphasized, in explaining the Court's unanimous holding, that where a complaint seeks both non-incidental monetary damages and injunctive relief, as plaintiffs do here, the only appropriate course is to determine whether a class can be certified under Rule 23(b)(3). *Id.* at 2561 (Ginsburg, J., concurring). Plaintiffs cannot use (b)(2) as an end-run around the requirements of (b)(3). Certification under Rule 23(b)(2) should also be denied.

To the extent that it would be helpful to the Court, defendants are available for additional oral argument. Otherwise, based on the unrebutted factual record and expert evidence before the Court, plaintiffs' Motions for Class Certification should be denied.

Sincerely,

/s/

Tammy B. Webb

---

[1] Other than the *Cheerios* and *Castro Valley* cases, all cited cases were previously referenced in Defendants' Memorandum of Law in Opposition to Plaintiffs' Master Motion for Class Certification or defendants' October 24, 2012 Letter to the Court.